CHARLES E. BENEWAY v. WILLIAM T. THORP.

*Slander—Words actionable per se—Repetitions—Amendment of declaration.*

1. Charging a son with having forged his mother's name to a note, means a note susceptible of forgery, and the words are actionable *per se.*
2. Proof of the repetition of the same slander charged in a declaration is admissible for the purpose of showing malice upon the part of the defendant in the original utterance.
3. An amendment of a declaration in a slander suit, by changing the date of the speaking of the alleged slanderous words from November 1, 1887, to February 1, 1888, is clearly within the discretion of the trial court, under How. Stat. § 7631, the exercise of which discretion will not be reviewed.

Error to Lenawee.   (Lane, J.)   Argued July 10, 1889.
Decided October 25, 1889.

Case.   Defendant brings error.   Affirmed.   The facts
are stated in the opinion.

*Westerman & Westerman,* for appellant.
*Fred B. Wood* and *Seth Bean,* for plaintiff.

Long, J   This is an action of slander, and comes to
this Court by writ of error brought by defendant.

The declaration alleges substantially that on February
1, 1888, at Tecumseh, in the county of Lenawee, in a
certain discourse which the defendant then and there had
with one Jennie McGowan, he did speak, publish, and
declare of and concerning the said plaintiff these false,
scandalous, malicious, and defamatory words, to wit:

"He [meaning the said plaintiff] has forged his mother's
name to a note, and I can prove it."

The declaration also alleges that in a certain other dis-
course which the defendant had in the presence and hear-
ing of one Thomas White, of and concerning the plaint-
iff, he did falsely and maliciously speak, publish, and
declare, in the presence and hearing of said Thomas
White, these other false, scandalous, malicious, and
defamatory words of and concerning the plaintiff, to wit:

"I [meaning the said defendant] told Miss McGowan
[meaning the said Jennie McGowan] that Charlie [mean-
ing the said plaintiff] had forged his mother's name to a
note,"—

The said Jennie McGowan being a daughter and the
book-keeper of William McGowan, in whose employ the
said plaintiff then was.

On the trial in the court below the plaintiff had ver-
dict and judgment for $500.   After the jury had been

impaneled in the court below, and while the said Jennie McGowan was on the witness stand, being examined by counsel for the plaintiff, defendant's counsel made objection to the introduction of any evidence in the case under the declaration, for the reason that the declaration did not set out a cause of action.

It is claimed on the argument here that the words complained of do not necessarily impute to plaintiff a crime which would make him liable to a criminal prosecution, the language being so uncertain as to be capable of two or more constructions, and therefore not actionable *per se;* that the words do not necessarily refer to a note which is susceptible of forgery.

It is a general rule that courts, in construing language set out in a declaration for the purpose of determining whether such words are actionable *per se,* will give the words their plain and natural import, according to the idea they are calculated to convey to those to whom they are addressed, and in the plain and popular sense in which the rest of the world naturally understands them. If the old rule prevailed that words, in such actions, must be construed in their most innocent sense, there might be some force in the position taken by defendant's counsel; but the rule is now well settled that courts will understand them as other people would. When the defendant charged that plaintiff had forged his mother's name to a note, the natural and common-sense meaning conveyed was that the note was a promissory note, one susceptible of forgery. The defendant was not introduced as a witness, and gave no excuse for the language, or that any other meaning was intended, or that it was not intended to convey the idea of the crime of forgery. The court below was not in error in its charge in directing the jury that these words were to be so understood.

Defendant's counsel also contend that the court was in

error in permitting testimony to be given on the part of the plaintiff as to what was said to and in presence and hearing of Thomas White, at a time subsequent to the speaking of the words to Jennie McGowan, on February 1. There was no error in this. Proof of repetitions of the same slander charged in the declaration is admissible for the purpose of showing malice upon the part of the defendant in uttering the words charged, and I have no doubt that repetition of such slander at any time previous to the trial may be given in evidence for this purpose.

One other question remains. In the declaration as framed, and as it stood at the time of the commencement of the trial, the time of uttering the words was charged as of November 1, 1887. After the jury were impaneled, plaintiff's counsel asked leave of the court to amend the declaration by changing the time to February 1, 1888. This the court granted upon the payment of a rule fee of five dollars to the defendant, and granting leave to defendant to amend his plea. Defendant accepted the five dollars rule fee, made no amendment to his plea, and the trial proceeded. No claim is made here that defendant was taken by surprise, or placed at a disadvantage on the trial by this amendment, or that he asked a continuance of the cause, and the trial apparently proceeded without objection on his part. This amendment was clearly within the discretion of the trial court, under the provision of section 7631, How. Stat., and this Court will not review such matters of discretion.

We find no error in the record, and the judgment of the court below must be affirmed, with costs.

The other Justices concurred.